## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

UNITED STATES OF AMERICA,     :

     :

v.     :     Case No. 1:13-CR-00051 (WLS)

     :

DONTARIUS TOOMBS,     :

     :

     Defendant.     :

_____:

## ORDER

Before the Court is Defendant Dontarius Toombs' Motion to Suppress Evidence Seized Through Authorized Electronic Surveillance and Wiretap (Doc. 127). Based upon the reasons and the findings set forth below, Defendants' Motion is **DENIED**.

## PROCEDURAL HISTORY

On August 10, 2012 the Government submitted an Application to intercept wire communications as to telephone number 229-272-0721 ("Target Telephone #5"), which was authorized by this Court the same day. (Docs. 1, 2, Case No. 1:12-mj-0038.) On September 13, 2012, the Government renewed its Application, and this Court authorized it. (Docs. 9, 10, Case No. 1:12-mj-0038.) The Government intercepted calls between Target Telephone #5 and the telephone number listed in the Motion currently before the Court, 229-319-6373, on numerous occasions, including August 31, 2012, September 6, 2012, September 17, 2012, and September 22, 2012. (Doc. 57.)

Defendant Toombs filed his Motion to Suppress Evidence Seized Through Authorized Electronic Surveillance and Wiretap (Doc. 127) on April 27, 2014. The Government filed a response on May 19, 2014 (Doc. 133). Defendant Toombs has not

requested an evidentiary hearing on his Motion nor provided a brief in support of his Motion. (*See* Docket.)

## **DISCUSSION**

An application for an order authorizing wire interception must establish the necessity of wire interception by including "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed or too dangerous." 18 U.S.C. Section 2518(1)(c). "[H]owever, a comprehensive exhausting of all possible investigative techniques is not necessary before applying for a wiretap." *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1214 (11th Cir.2010) (quotation marks and citations omitted).

Defendant Toombs moves to suppress "the contents of any and all interceptions of wire or oral communications, and all evidence derived therefrom, to and from telephone number 229-319-6373." (Doc. 127 at 1.) Defendant asserts that the interceptions were unlawful because the Application for the interception failed to show that normal investigative procedures had failed, reasonably appeared to be unlikely to succeed, or that such procedures would be too dangerous. (*Id.*) Defendant's Motion presents no factual allegations or legal arguments supporting this assertion. (*Id.*)

The Government contends and the Court agrees that the Application and renewed Application to intercept the wire communications of Target Telephone #5, through which wire communications of telephone number 229-319-6373 were intercepted, satisfied the requirements of 18 U.S.C. Section 2518(1)(c). (Docs. 1-2, 9-1, Case No. 1:12-mj-0038.)

First, the Applications stated that normal investigative procedures failed. The first Application explained that the numerous investigative techniques used prior to the

Application for wire interception did not allow law enforcement to establish the identities of all the people involved in the alleged drug trafficking organization. (Doc. 1 at 31-43, Case No. 1:12-mj-0038.)  The Application explained why the following investigative techniques were not able to produce the information needed: identifying vehicles, drive-by surveillance, wire intercepts of other telephones, pen registers and toll analysis, cooperating sources and confidential informants, and financial investigations. (*Id.*) The renewed Application explained why continued interception was necessary and why other techniques, including physical surveillance were not leading investigators to the information needed (Doc. 9-1 at 25-.)

The Applications further explained why other investigative procedures, including purchasing narcotics using cooperating sources, grand jury and administrative subpoenas, sustained physical surveillance, pole cameras, vehicle tracking devices, undercover agents, consensual monitoring, interviews of witnesses or targets, and execution of search warrants, consent searches, and trash searches, would likely be unsuccessful. (Doc. 1-2 at 31-34, 41-43, Doc. 9-1 at 26-36, Case No. 1:12-mj-0038.)

The Court finds, therefore, that both Applications provided "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed" as required by 18 U.S.C. Section 2518(1)(c). Defendant has presented no factual showing to the contrary or stated with specificity how the subject Applications do not meet the relevant standards and requirements.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant Toombs' Motion to Suppress Evidence Obtained by Electronic Surveillance or Wiretap (Doc. 127) is **DENIED**.

**SO ORDERED**, this <u>8th</u> day of September, 2014.

<u>**/s/ W. Louis Sands**</u>
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**