## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

UNITED STATES OF AMERICA,    :

       :

v.       :       Case No. 1:13-CR-00051 (WLS)

       :

DONTARIUS TOOMBS,    :

       :

    Defendant.    :

_____:

## ORDER

Before the Court is Defendant Dontarius Toombs' Motion for Production of Name and Location of Confidential Source. (Doc. 128.) On May 19, 2014, the Government filed a response to this Motion. (Doc. 134.) On September 18, 2014, at a Pretrial Conference for this case, counsel for Defendant Toombs and for the Government addressed this Motion.

The Government's privilege to withhold identities of confidential sources is limited. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). Specifically, "[w]here the disclosure of an informer's identity, or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. In determining whether disclosure of an informant is necessary, the Eleventh Circuit focuses on three factors: (1) "the extent of the informant's participation in the criminal activity;" (2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of informant," and (3) the government's interest in nondisclosure." *U.S. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991) (citing *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)).

At the conference, Defendant Toombs' counsel explained that Toombs seeks identifying information for an informant who was allegedly present at a drug transaction

involving Defendant Toombs and arranged by the informant and law enforcement agents. In its Response to Defendant's Motion and orally at the Pretrial Conference, the Government stated that it does not intend to call the confidential informant at issue as a witness. (Doc. 134 at 2.) Rather, the Government stated that it will call another eye witness, Curtis Donaldson, and/or law enforcement agents to testify to the facts surrounding the alleged transaction.

Here, the informant played a pivotal role in the alleged transaction involving Defendant Toombs and was more than a "mere tipster." *United States v. Diaz,* 655 F.2d 580, 587 (5th Cir. Unit B 1981), *cert. denied*, 455 U.S. 910 (1982). But the informant was not the sole participant other than the accused; another man, Curtis Donaldson, who the Government stated it intends to call as a witness, was allegedly there. The Court finds that the informant's role in the transaction does not alone merit disclosure of his or her identity.

The Court next considers the directness of the relationship between the confidential source's probable testimony and the defendant's asserted defense. "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient . . . The defendant must show that the informant's testimony would significantly aid in establishing the asserted defense." *United States v. Kerris*, 748 F.2d 610, 614 (11th Cir. 1984) (internal citations omitted). Here, Defendant Toombs argues that disclosure of the informant's identity will allow him to investigate "the legitimacy of the police conduct, including reliability of the informant and the sufficiency of the confidential informant's information to justify the police action, and to inquire into the veracity of the government's allegations . . . ." (Doc. 128 at 5.) The Court finds the Defendant's arguments to be generalized conjectures, particularly in light of the facts that the Government does not plan to call the informant as a

witness and intends to attempt to prove the facts surrounding the transaction with witnesses other than the informant. *See United States v. Jeffers*, 621 F.2d 221, 227 (5th Cir. 1980) (finding informant's testimony inessential to defendant's defense where the government introduced voluminous evidence aside from informant's statements). Without more than mere allegations of possible defenses, the Court finds the disclosure of the informant's identity inessential to the Defendant's defense at this time. *See Kerris*, 748 F.2d at 614.

Finally, the Court considers the Government's interest in nondisclosure. In its Response to Defendant's Motion, the Government does not argue that it has a particular interest in nondisclosure nor does Defendant specifically challenge any possible Government interest in nondisclosure. (*See* Docs. 128, 134.) The Court, therefore, declines to make a finding on this factor. However, balancing the other two factors, the Court finds that the Government is not required to disclose the identity of its confidential informant at this time because the informant was not the sole participant in the transaction along with the accused and because the Defendant has not demonstrated how the informant's testimony could significantly support his defenses.

Defendant Toombs' Motion for Production of Name and Location of Confidential Source (Doc. 128) is therefore **DENIED** unless and until Defendant Toombs establishes the necessity of disclosure of the informant's identity and location outside of the presence of the jury and upon timely notice to the Court.

**SO ORDERED**, this 22nd day of September, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**